Argued and submitted September 4, judgment of the circuit court affirmed
September 5, 1996

## DOUGLAS FRANKLIN WRIGHT,
### *Appellant,*

*v.*

## S. Frank THOMPSON,
### *Respondent.*

## (CC 96C12851; SC S43564)

922 P2d 1224

Mark Austin Cross, Portland, argued the cause and filed the brief in behalf of and in cooperation with the Oregon Criminal Defense Lawyers Association.

Virginia L. Linder, Solicitor General, Salem, argued the cause for respondent.

Before Carson, Chief Justice, Gillette, Van Hoomissen, Fadeley, Graber, and Durham, Justices, and De Muniz, Justice pro tempore.

CARSON, C. J.

Fadeley, J., filed a specially concurring opinion.

**CARSON, C. J.**

On August 26, 1996, counsel acting in behalf of and in cooperation with the Oregon Criminal Defense Lawyers Association (counsel) filed a proceeding in the Circuit Court for Marion County captioned, "Douglas Franklin Wright, Plaintiff, vs. S. Frank Thompson, Defendant." That filing, which sought to invoke the jurisdiction of the circuit court, was denominated a "Petition to File for Post Conviction Relief; And Motion for Leave to Proceed In Forma Pauperis and for the Appointment of Counsel."

Counsel does not represent the named "plaintiff," Wright, who has not appeared in the action. The "petition" seeks "leave to file for post conviction relief *for* Douglas Franklin Wright."[1] (Emphasis added.)

At a hearing in the circuit court on September 3, 1996, counsel tendered a document titled "Petition for Post Conviction Relief." That document, which bears the same case number as was assigned to the proceeding initiated by the Petition to File for Post Conviction Relief, is captioned, "In the Matter of the Application of Douglas Franklin Wright, Petitioner, vs. S. Frank Thompson, Superintendent, Oregon State Penitentiary[,] Defendant." It alleges claims for post-conviction relief, which the parties have stipulated are sufficiently well-pleaded, such that they would not be dismissed immediately as meritless under ORS 138.525. The tendered petition begins with the following assertion: "Comes now the above named Petitioner, and respectfully petitions this Court for post conviction relief pursuant to ORS 138.510-138.680, and alleges as follows * * *." The tendered petition concludes with a signature line for counsel, who is designated as "Attorney on Behalf of and in Cooperation with the OCDLA."

Counsel's original petition to file for post-conviction relief was accompanied by counsel's affidavit setting out some of the circumstances surrounding the decision to proceed in that way. A few days later, counsel tendered a petition for post-conviction relief that counsel wished to file,

---

[1] In the June 6, 1996, death warrant hearing in the Circuit Court for Wasco County, Wright stated that he did not intend to pursue post-conviction relief. To date, he has not filed a petition for post-conviction relief in his own behalf.

should the original petition be allowed. At various times in connection with the two aforementioned petitions, counsel submitted the affidavits of lawyer Walter J. Todd, Dr. Robert G. Stanulis, Dr. John P. Minahan, and Dr. Joel Alexander, and certain reports of Dr. Thomas A. Blakely, Jr., Dr. Paul L. Metzger, and Dr. Donald A. True. For the same dual purposes, Wright's psychiatric, psychological, medical treatment, and diagnostic testing records from the Oregon State Penitentiary were offered to the circuit court under seal, having been subpoenaed by counsel. Additionally, near the close of the proceeding, counsel made an offer of proof to supplement Dr. Stanulis' affidavit.

The threshold issue in the case, deemed dispositive by the circuit court, is whether counsel has standing to file a claim of post-conviction relief "for" Wright. After the September 3 hearing, the circuit court concluded that Oregon law does not provide for third-party standing to file for post-conviction relief. The court entered judgment for defendant on that day. That same day, counsel filed a notice of appeal from that decision in the Court of Appeals. The Court of Appeals certified the appeal to this court, and this court accepted certification. *See* ORS 19.210 and ORAP 10.10 (describing certification procedure).

■     Counsel's claim to a right to third-party standing is predicated principally upon an assertion that the Oregon Constitution mandates that a post-conviction proceeding be fully litigated in every death penalty case, regardless of the mental competence of the convicted criminal defendant to choose to forego such a proceeding. That claim relies upon *State v. Martini*, 144 NJ 603, 677 A2d 1106 (1996). The circuit court rejected that claim in this case, and we since have rejected it in *Bryant v. Thompson*, 324 Or 141, 922 P2d 1219 (1996). Our decision in *Bryant* disposes of counsel's claim in this case.

Counsel also asserts that Wright is not mentally competent to decide to forego a claim for post-conviction relief and, therefore, that counsel must be appointed for Wright and should be entitled to proceed, in his behalf, to file a petition for post-conviction relief. The circuit court concluded

that the post-conviction statutes limit standing to the convicted criminal defendant and that Oregon law does not recognize the right of a third party or one asserting a "next-friend" status to file such a petition. The circuit court nonetheless also stated that Wright is "legally competent to proceed."

■   We need not decide, in this opinion, whether there are circumstances under which a person, other than a convicted criminal defendant, may file a petition for post-conviction relief in behalf of the convicted criminal defendant. Assuming *arguendo* that such a step may be taken, and further assuming *arguendo* that the standards governing the right to file such a proceeding are those applicable to analogous "next-friend" filings in the federal court system, counsel here still was not entitled to prevail. That is so because, upon the basis of our review of the entire record, including the documents provided under seal, we conclude that the record does not disclose even a *prima facie* case sufficient to place Wright's mental competency in this matter at issue. In so concluding, we have afforded to counsel, solely for purposes of argument, the benefit of: (1) the premise that Oregon law may provide third-party standing for a person to file a post-conviction proceeding in behalf of an incompetent convicted criminal defendant; (2) the legal test relied upon by counsel with respect to the standard for determining competence and the nature of the showing that is required to trigger an inquiry into competence;[2] and (3) all reasonable inferences from the evidence admitted, submitted as an offer of proof, tendered or otherwise present in the record.

Counsel acknowledges that the circuit court provided a full opportunity to make a record that was aimed at establishing a *prima facie* case justifying some further judicial inquiry into Wright's alleged mental incompetence. The failure of the record to support such a claim, therefore, answers counsel's assertion on appeal that the trial court erred by not instituting a competency hearing.

---

[2] That test requires that there be a showing by "some meaningful evidence" that a convicted person is "suffering from a mental disease, disorder, or defect that substantially affected his capacity to make an intelligent decision." *Whitmore v. Arkansas*, 495 US 149, 166, 110 S Ct 1717, 109 L Ed 2d 135 (1990).

During the course of these proceedings, we directed a question to counsel concerning the effect, if any, of ORS 138.687 on the case. That statute provides, in part:

> "Execution of a sentence of death shall be automatically stayed for 60 days after the conviction becomes final following direct appellate review and state post-conviction relief proceedings, if any."

Because neither of counsel's two theories was well taken, the trial court did not err in denying counsel's petition to file a post-conviction relief petition in behalf of Wright. Because no post-conviction relief petition was filed, no automatic stay of Wright's sentence pursuant to ORS 138.687 occurred.

We have considered and rejected all other contentions raised by counsel on appeal.

The judgment of the circuit court is affirmed.

**FADELEY, J.,** specially concurring.

I concur specially in this case as stated in *Bryant v. Thompson*, 324 Or 141, 922 P2d 1219 (1996).